

FILED
CLERK, U.S. DISTRICT COURT

FEB 2 0 2026

CENTRAL DISTRICT OF CALIFORNIA
BY

Ishmail Bangura
No. 6975859
450 Bauchet St.
Los Angeles, CA 90012
Plaintiff, Pro Se

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

ISHMAIL BANGURA,                    No. CV26-2119-CAS (AGR)

　　　　Plaintiff,              COMPLAINT FOR DAMAGES
　　　v.                        AND MEMORANDUM OF
COUNTY OF LOS ANGELES;          POINTS AND AUTHORITIES
LOS ANGELES COUNTY              IN SUPPORT THEREOF,
SHERIFF'S DEPARTMENT;           TITLE 42 U.S.C. § 1983
DOCTOR CINDY LIN,
　　　　Defendants.             JURY TRIAL DEMAND

I.                    INTRODUCTION

Comes Now, Plaintiff, Ishmail Bangura, in pro se and brings this action under Title 42 U.S.C. §1983, For violations of his Fourteenth Amendment constitutional right to exercise as a pre trial detainee. And the violation of the permanent injunction/consent decree established in the class action suit Rutherford v. Pitchess, 457 F. Supp. 104 (C.D. Cal. 1978); Rutherford v. Luna, 2023 U.S. Dist LEXIS 114567 (CV 75-04111 DDP.)

1

**2. Jurisdiction:**

Original jurisdiction is proper under 28 U.S.C. § 1331 as to the Federal question. Supplemental jurisdiction is proper under 28 U.S.C. § 1367 as to state law causes of actions. The causes of actions occured in the County Of Los Angeles (COLA).

**3. Parties:**

Plaintiff, Ismail Bangura, is a pre trial detainee incarcerated at the Los Angeles County Jail. Defendants are the County of Los Angeles, Los Angeles County Sheriff's Department (LASD), and Doe Defendants responsible for providing recreation to inmates. Plaintiff alleges all Defendants acted under color of state law in the scope of employment.

**4. Exhaustion of Administative Remedies**

All "available" grievances have been exhausted. Sapp v. Kimbrell, 623 F.3d 813, 823 (9th Cir. 2010).

**5. Capacity**

Doctor Cindy Lin is sued in her individual capacity. COLA, LASD are sued under Monell v. Dept. Of Social Services of City of New York, 436 U.S. 658 (1978); The Americans with Disabilities Act (ADA) Title 42 U.S.C. § 12132; Cal. Gov't. Code § 815.2; and Cal. Civ. Code § 52.1.

2

6. Claim One:
    <u>Violation of Fourteenth Amendment Right to</u>
    <u>Outdoor/Inside Exercise</u>
Plaintiff was incarcerated in the month of of February of 2025. Plaintiff received no out-of-cell time till his release on Februrary 26, 2025. After 24 hours Plaintiff was again arrested as a result of unanticipated effects of precribed medication and a blood Glucose Level of over 600. From Februrary 26 through as of the of this Complaint, July 20, 2025, Plaintiff has been confined to a cell 24 hours a day (213 days). This except being taken to the roof one time.

7. Similarly, Plaintiff is classified as K-10 (high power) and as a diabetic he has been seperated from "regular" inmates and housed in Module 8000 "Diabetic housing". Plaintiff and other segregated diabetics from cells 66-73 have not received any out-of-cell-time for the entire time Plaintiff has been housed in Cell 71. To name a few: James Sams (4 months), Eric Guevara (4 months), Tony Arrington (8 months), Justin Bulles (4 months), Albert Meza (4 months), Danial Martinez (3½ months). Plaintiff alleges that COLA, LASD, and Doe Defendants responsible for provideing recreation have the custom, practice, and fail to train employees to not be deliberately indifferent

3

to this basic human need of exercise in violation of Plaintiff's substantive and procedural right to due process. This custom is the actual and proximate cause of suffering, anxiety, worry, grief, severe emotional distress, and athropy. These injuries were foreseeable and would not have occured "but for" this custom.

8. Claim Two

Denial of State Created Liberty Interest
Under the The Fourteenth Amendment

As another theory of liability. Plaintiff is a class member of the 45 year plus class action lawsuit Rutheford v. Pitchess, 457 F. Supp. 104 (C.D. Cal. 1978). In Rutherford the court entered a permanent injunction and consent decree requireing COLA and LASD to provide "All prisoners, including high power and those in administrative segregation not less than two and one half hours of roof recreation a week." As previously stated, Plaintiff has been confined to a cell 24 hours at a time for 213 days and ongoing. This long standing custom since 1978 in violation of the permanent injunction is the actual and proximate cause of Plaintiff's injuries in violation of the state created right created by the injunction and protected by the Fourteenth Amendment to the United States Constitution.

4

9.                    CLAIM THREE

DENIAL OF FOURTEENTH AMENDMENT

DUE PROCESS RIGHT TO CLOTHING EXCHANGE

The Rutherford consent decree held, "[A]n inmate must be permitted as least twice a week to receive clean outergarments, undergarments, socks and a towel in exchange for those he has been useing. The defendants assured the Court that the shortage of clothing exchange was due to a temporary logistics problem." Rutherford, at 116-117. More than 45 years and this "temporary" problem still exists. Similarly, California Code of Regulations (CCR) Title 15 § 1262 provides: "Undergarments and socks "shall" be exchanged twice each week." Here, the Defendants conduct clothing exchange one time a week in violation of Rutherford and § 1262. This long standing custom since 1978 is the actual and proximate cause of emotional distress and unsanitary conditions. Plaintiff was incarcerated the last week of Fabuary, 2025. As of the date of this writing September 8, 2025, the Plaintiff has been denied laundry 14 weeks and seeks $841,000 under the Bane Act.

10.                   CLAIM FOUR

VIOLATION OF THE ADA

On several occasions prior to July of 2025, Defendant Dr. Lin was observed telling "vending machine" stockers

5

that are Keefe commissary Network employees, not to place food items that are available to non-disabled inmates. On July 1, 2025, COLA and LASD posted a canteen list on the wall for "medical units" that prohibit almost all items available to non-disabled inmates. This includes top ramen soups, chips, water, lotion, shoes, shorts, meats, as stated almost the "entirety." Plaintiff is a qualified individual with the disability of diabetes, by reason of this disability he is being denied the benefits, services, programs, and activities of COLA, LASD and being discriminated against by them. "Diabetes is a disability under the ADA". Fraser v. Goodale, 342 F. 3d 1032 (9th Cir. 2003); Babakhanlou v. Los Angeles Cnty., 2025 U.S. Dist. LEXIS 103406 (C.D. Cal. 2025),

11.                  CLAIM FIVE
           EQUAL PROTECTION VIOLATION

As an alternate theory, Fed. R. Civ. P., Rule 8(d)(2), based on the facts of paragraph 10 Plaintiff alleges COLA, LASD, and Lin intentionally treated Plaintiff differently than similarly situated non-disabled county jail prisoners and there is no rational basis for the different treatment in violation of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution. Olson v. State of California, 104 F.4th 66, 77 (9th Cir 2024) (en banc)

12.                         CLAIM SIX

          FOURTEENTH AMENDMENT VIOLATION

          OF SUBSTANTIVE AND PROCEDURAL

          DUE PROCESS

Plaintiff has requested legal forms such as a 42 U.S.C. §1983 and a trust account statement and certification so he can pay the filing fee for this action. COLA and LASD do not reply to these requests. Plaintiff alleges that COLA and LASD's not provideing documents results in interference with access to the courts, a fundamental right, and there is no process to prevent erroneous deprivations. Plaintiff alleges the process due is consistent with Title 15 CCR § 3162, "The printed forms required by state and Federal courts 'shall' be made available to incarcerated persons." Silva v. Divittorio, 688 F.3d 1090, 1103 (9th Cir. 2011) (Interference); Carey v. Piphus, 435 U.S. 247, 266 (1978) (Procedural due process not dependent on the substantive element, of here 'actual injury'. For a First Amendment access to the courts claim).

13.              THE STATE LAW CLAIMS

Plaintiff has presented claims to the County of Los Angeles Board of Supervisors in compliance with the California Tort Claims Act. The claims were denied. Liability under Cal. Gov't. Code § 815.2 alleged on all claims against COLA and LASD.

14. Cal. Civ. Code § 52.1 (Bane Act)

A. Exercise:

Paragraphs 1-8, inclusive, are hereby incorporated by reference as if fully set forth. LASD and COLA in the scope of employment with coercion and by policy, custom, and failure to train denied any out-of-cell-time/exercise for 213 days of 24 hour cell confinement. This custom is the actual and proximate cause of Plaintiffs injuries. Attorney General Bob Bonta's September 8, 2025, statement and lawsuit that inmates in LACJ are subject to "constant confinement in cells", the facts underlying that action are alleged as habit or custom under Fed. R. Ev. 406.

B. 15. Bane Act, Clothing Exchange:

Paragraphs 3 and 9, inclusive, are incorporated by reference as if fully set forth. LASD and COLA in the scope of employment and with coercion have deprived the Plaintiff of adequate clean laundry for 14 weeks and ongoing. AG Bob Bonta's September, 8, 2025, lawsuit that clean laundry is not provided is alleged as habit or custom under Fed. R. Ev. 406.

C. 16. Bane Act, Discrimination By Reason of Disability:

Paragraphs 10-11, inclusive, are incorporated by reference as if fully set forth. COLA, LASD, and Lin discriminated against Plaintiff in the scope of employment with coercion.

8

Plaintiff has been subject to this discrimination by purchaseing items from vending and canteen. And Defendants actions were the actual and proximate cause of Plaintiff's injuries.

D. 17. Bane Act, Denial of Due Process

Paragraph 12, inclusive, is incorporated by reference as if fully set forth. COLA and LASD have been refuseing to provide legal forms for 213 days with coercion in the scope of employment. and their custom is the actual and proximate couse of the Plaintiffs rights to procedural and substantive due process being denied.

18. Breach of a Mandatory Duty, Gov't. Code § 815.6

Paragraph 9, inclusive, is incorporated by reference as if fully set forth. COLA and LASD had a mandatory duty to conduct laundry exchange twice a week under CCR Title 15 § 1262, they did not take reasonable steps to exercise this duty, it consitutes negligence per se (Cal. Ev. Code § 669(a)) and the Defendants conduct was the actual and proximate cause of Plaintiff's injuries.

19. Intentional Infliction of Emotional Distress

Paragraphs 7-8, inclusive, are incorporated by reference as if fully set forth. COLA and LASD's conduct was outrageous that was intended to cause and

9

conducted with reckless disregard of the probability of causing emotional distress. Plaintiff has suffered severe emotional distress. And COLA and LASD's conduct was the substantial cause of the emotional distress.

20. Prayer For Relief

WHEREFORE, Plaintiff requests judgment as follows:

(1) Award $6,148,000 + in civil penalties of 213 days of 24 hour cell confinement;

(2) Award $814,000 in civil penalties for 14 weeks denial of clean laundry;

(3) Other civil penalties for other claims;

(4) Award compensatory and punitive damages;

(5) Grant declaratory relief;

(6) Any Further or other relief the Court deems just and proper. Plaintiff requests and demands a jury trial.

I declare the foregoing is true and correct under penalty of perjury and that this declaration and verified complaint was executed on September 9, 2025, at Los Angeles, California.

_____

Plaintiff, Declarant



L A COUNTY JAIL
INMATE MAIL CORRESPONDENCE
MENS CENTRAL JAIL

Ishmail Bangura
No. 6975859
450 Bauchet St.
Los Angeles, CA 90012

Clerk of the Court
United States District Court
Central District of California
255 East Temple St.
Los Angeles, CA 90012

New

LEGAL MAIL

RECEIVED
CLERK, U.S. DISTRICT COURT
FEB 20 2026

LA COUNTY JAIL
INMATE MAIL CORRESPONDENCE
MENS CENTRAL JAIL