

Ishmail Bangura

No. 6975859

450 Bauchet St.

Los Angeles, CA 90012

Plaintiff, Pro Se

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

ISHMAIL BANGURA,

   Plaintiff,

 v.

COUNTY OF LOS ANGELES, ET AL.,

   Defendants.

NO. CV26-2119-CAS(AGR)

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF COMPLAINT

The points and authorities contained herein are attached to the Complaint and are part of the pleadings for all purposes. Fed. R. Civ. P. 10(c).

I. Introduction

As alleged in the Complaint, Plaintiff has been confined to a cell 24 hours a day for 213 days as of July 22, 2025, and ongoing. This in violation of the Fourteenth Amendment right to exercise and the permanent injunction and consent decree established in Rutherford v. Pitchess, 457 F. Supp. 104(C.D.Cal. 1978) Plaintiff further alleged that COLA and LASD have a custom of denying legal forms in violation of procedural due process and access to the courts.

## II. Individual Claims By Class Members

"[T]he general rule is that a class action suit seeking only declaratory and injunctive relief does not bar subsequent individual damages by class members..." Hiser v. Franklin, 94 F.3d 1287, 1291 (9th Cir. 1996). In Hook v. Arizona Dep't. of Corrections, 972 F.2d 1012 (9th Cir. 1992), the court held that a "prisoner not party to an earlier consent decree could nonetheless enforce the decree." A plaintiff "could proceed outside of the... class action to the extent that he was seeking damages as opposed to equitable relief." Frost v. Symington, 197 F.3d 348 (9th Cir. 1999)

## III. Permanent Injunction / Consent Decree

"[A] consent decree approved by the court is an enforceable final judgment with the force of res judicata." Rufo v. Inmates of Suffolk Cnty. Jail, 502 U.S. 367, 391 (1982); Mi Familia Vota v. Fontes, 111 F. 4th 976, 982 (9th Cir. 2024).

This Court through the Honorable District Judge Dean D. Pregerson after he walked through a tour of the jail in 2006 stated, "The Court also noted that inmates are in these cells 24 hours a day, 7 days a week, unless they have medical visits, family visitation, or are taken to the roof

2

For exercise... Following this tour, the Court stated that what was observed was inconsistant with basic human values." Rutherford v. Baca, 2006 U.S. Dist. LEXIS 81431, *at 3 (C.D. Cal. 2006).

"[I]ssue preclusion prohibits the relitigation of issues argued and decided in a previous case, even if the second suit raises different causes of actions. Under issue preclusion, the prior judgment conclusively resolves an issue actually litigated and determined in the prior action." Taylor v. Sturgell, 553 U.S. 885, 892 (2008); DKN Holdings LLC v. Faerber (2015) 61 Cal. 5th 813, 824-825; Bazo v. Braz, 2025 U.S. Dist. LEXIS 29724 (E.D. Cal. 2025).

As this Court has already held that inmates confined to cells 24 hours a day violates the Constitution, Defendants may not relitigate it or present a defense. Moreover, Defendants have agreed and consented that 24 hour cell confinement is unlawful and it would be remedied.

"[A] consent decree embodies an agreement that the parties desire and expect will be reflected in, and as enforceable as, judicial decree. The purpose of a consent judgment is to resolve a dispute without further litigation". JEFF D. v.

3

Kempthorne, 365 F.3d 844, 852 (9th Cir. 2004).

"[A] decree, which appears by the record to have been rendered by consent is always affirmed, without considering the merits of the cause. A judgment which was consented to by the appellant and appellee... is not reversible." Slaven v. American Trading Transp. Co., 146 F.3d 1066, 1070 (9th Cir. 1998).

IV. Fourteeth Amendment Right To Exercise.
"Exercise has been determined to be one of the basic human necessities protected by the Eighth and Fourteenth Amendments. Hearns v. Terhune, 413 F.3d 1036, 1042 (9th Cir. 2005). Similarly, "pretrial detainees have a substantive due process right against restrictions which amount to punishment." Valdez v. Rosenbaum, 302 F.3d 1039, 1045 (9th Cir. 2002). The Ninth Circuit in step with this Court's Rutherford ruling has held, "We conclude that 90 minutes of exercise per week constitutes punishment for purposes of § 1983." Pierce v. County of Orange, 526 F.3d 1190, 1212 (9th Cir. 2008).

As previously stated, Plaintiff is being denied any exercise at all and there can be no dispute that defendants are violating the injunction.

4

## V. Presumption of Continued Violation

The Butherford court held, "It is a bedrock common law principle that in certain situations, once a condition has been proven to exist it is presumed in the absence of proof to the contrary that condition has remained unchanged." (Id. at 111).

This Court by its own first hand account held 24 hour cell confinement is inconsistant with basic human values. The Ninth Circuit considering this exact issue from Rutherford held, "[I]n light of the County's failure to refute [Thompsons] allegations or to provide evidence of corrective measures taken to comply with the 1978 court order in Rutherford it is appropriate to presume at this stage of litigation that the relevant conditions declared unconstitutional in 1978 by the district court in Butherford remained substandard..." Thompson v. Los Angeles, 885 F.2d 1439, 1449 (9th Cir. 1989).

Here, for an additional 36 years Defendants still violate the Constitution and the injunction. "[I]n a civil case, unless a Federal statute or these rules provide otherwise, the party against whom a presumption is directed has the burden of producing evidence to rebut the presumption." Federal Rules of Evidence, R. 301.

5

"In a civil case, state law governs the effect of a presumption regarding a claim or defense for which state law supplies the rule of decision." Federal Rules of Evidence, R. 302.

California Evidence Code § 601 classifies presumptions as "either conclusive or rebuttable." Cal. Ev. Code § 620 provides that all "presumptions established by this article and all other presumptions declared by law to be conclusive are conclusive presumptions." Cal. Ev. Code § 160 defines law as "constitutional, statutory, and decisional law."

"[A] conclusive or irrebuttable presumption is entirely different from the ordinary rebuttable presumption: No evidence may be used to contradict it. Hence more accurately described as a rule of substantive law rather than one of evidence." People v. McCall (2004) 32 Cal. 4th 175, 184.

Ignorance of the law is no excuse. "[W]e have long recognized the common maxim, familiar to all minds, that ignorance of the law will not excuse any person, either civilly or criminally." Jerman v. Carlisle, McKellie, Rini, Kramer & Ulrich, L.P.A., 559 U.S. 573, 581 (2010). "Every one is presumed to know the law and this presumption is not rebuttable." United States Bank, N.A. v. White Horse Estates, 987 F.3d 858 (9th Cir. 2021).

6

Here, issue preclusion conclusively prohibits any argument by Defendants, nor can they plead ignorance of the law set forth by the consent decree.

## VI. Violations of Bane Act, Cal. Civ. Code § 52.1

In Venegas v. County of Los Angeles (2004) 32 Cal. 4th 820, 843, the California Supreme Court held that COLA was directly liable under the Bane Act. A.M. v. San Bernardino Cty, Superintentent of Schools, 2020 U.S. Dist. LEXIS 73853 (C.D. Cal.)

Subsequently the California legislature codified Venegas in 2022 and revoked public entity immunities for Bane Act including injuries to prisoners under Cal. Gov't. Code § 844.6. Cal. Civ. Code § 52.1 (n); Freeman v. Mata, 2023 U.S. Dist. LEXIS 74529, *at 48 (C.D. Cal. 2023)

The Bane Act provides a minimum civil penalty of $29,000 under Cal. Civ. Code § 52 (a)(b). Loggervale v. Holland, 677 F. Supp. 3d 1026, 1071 (N.D. Cal. 2023); Cal. Civ. Jury Instructions (CACI) No. 3066, Directions for Use. This for "each and every offense" or EACH DAY. Hubbard v. Sandler, 2003 U.S. Dist. LEXIS 27047 (S.D. Cal. 2003); Botoson v. Paul McNally Realty, 216 F.3d 827, 835 (9th Cir. 2000).

7

VII. Preservation of Evidence

Although Plaintiff contends that Defendants are conclusively estopped from any defense, it is still prudent to obtain evidence. The Los Angeles Sheriff's Dept. has a policy to retain video footage for 1 year. Sanders v. L.A. County, 2019 U.S. Dist. LEXIS 240580, at *5 (C.D. Cal. 2019); Nava v. Cal. State Superior Court., 2025 U.S. Dist. LEXIS 28563, at *23 (C.D. Cal. 2025).

"A party must preserve evidence it knows or should know is relevant to a claim or defense of any party, or that may lead to the discovery of relevant evidence." United States v. Kitsap Physicians Serv., 314 F.3d 995, 1001 (9th Cir. 2002) Accordingly, Plantiff requests Defendants preserve and disclose in their Fed. R. Civ. P., R. 26 duty the video footage of Module 8000, cells 8066-8073 for the past 12 months.

VIII. Conclusion

For the foregoing reasons Plaintiff requests that Defendants be served the Complaint and this Memorandum, and the relief sought in the Complaint be granted.

Date: 1/26/26

Respectfully submitted,

8